

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

September 20, 1963

Mr. Ward W. Markley
County Attorney
Jasper County
Jasper, Texas

Dear Mr. Markley:

Opinion Number C-145

Re: Whether a pre-existing road district can call a bond election, due to the fact that the newly created road district has never functioned.

You state in your letter requesting an opinion of this office that Jasper County Road District No. 8, of Jasper County, Texas, was created by a special act of the Legislature, such act being Acts 1961, 57th Legislature, Regular Session, Chapter 155, page 282. You further state that no action has ever been taken by the Commissioners' Court in connection with said Road District No. 8. You have asked the following questions:

"(1) Can a pre-existing Road District call a Bond Election, due to the fact that the newly created Road District 8 has never functioned whatsoever?

"(2) Is it necessary that Road District 8 be dissolved by Act of Legislature before any pre-existing Road Districts can be effective with future bond elections?"

Section 52 of Article III of the Constitution of Texas commits to the Legislature all questions relating to the creation, size and boundaries of defined road districts. It is within the power of the Legislature to create and to abolish such districts. <u>Louisiana Ry. and Nav. Co. v. State</u>, 298 S.W. 462 (Tex.Civ.App.1927, affirmed in 7 S.W.2d 71 Comm.App.1928).

In the aforementioned Act, which created Jasper County Road District No. 8, the following language is found in Section 6:

> " . . . Any road district included within said Road District No. 8 which has no outstanding bonds is hereby abolished, and any road district so included which now has outstanding bonds shall become automatically abolished when all of said outstanding bonds have been paid and discharged, or have been refunded by Road District No. 8, either or both."

The above quoted language clearly shows that the intent of the Legislature in creating Jasper County Road District No. 8 was to abolish all pre-existing districts within Road District No. 8 which had no outstanding indebtedness and to abolish all other pre-existing districts within Road District No. 8 at such time as the outstanding indebtedness of such districts as of May 15, 1961 (the effective date of the Act), was paid and discharged, or refunded by Road District No. 8.

Therefore, in answer to your first question, it is the opinion of this office that no pre-existing road district within Jasper County Road District No. 8 can legally call a bond election.

In answer to your second question, it is the opinion of this office that any pre-existing road district within Road District No. 8, which had no outstanding indebtedness on May 15, 1961, or which did have outstanding indebtedness on that date but has since paid same off, has been abolished and can not legally call a bond election. As to pre-existing districts which presently have outstanding indebtedness, it is the opinion of this office that they may not legally call bond elections so long as Acts 1961, 57th Legislature, Regular Session, Chapter 155, page 282, remains in effect.

Trusting that the above fully answers your questions, we are

Very truly yours,

WAGGONER CARR
Attorney General

By Robert T. Lewis
Robert T. Lewis
Assistant

RTL-s

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Malcolm Quick
J. S. Bracewell
James M. Strock
Edward R. Moffett

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone